UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BALDIOSERA TORRES, | No. 2:25-cv-0994 DJC AC PS |
| Plaintiff, | |
| v. | ORDER and |
| THE PEOPLE OF THE STATE OF CALIFORNIA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will

1

1  (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly
2  baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and
3  (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton
4  Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
5  1037 (2011).

6  　　　The court applies the same rules of construction in determining whether the complaint
7  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
8  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
9  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
10 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
11 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
12 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
13 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
14 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
15 556 U.S. 662, 678 (2009).

16 　　　To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
17 state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has
18 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
19 reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at
20 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
21 to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
22 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
23 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

24 　　　B.  The Complaint
25 　　　Plaintiff is attempting to sue multiple defendants: The People of the State of California,
26 Matthew Samuel Adler, Hunter Jacqueline Burnette, Janice M. Williams, Bryan J. Kim, David
27 Lim, Gerrie Lexing-Davis, and Maria Gladis Flores.  ECF No. 1 at 9-10.  Defendants are sued for
28 various constitutional violations and violations of federal law; each violation "stems from one

1   artifact that was signed and submitted under penalty of perjury on November 27, 2023.  A
2   Domestic Violence (DV) packet was submitted with malicious intent to Family Law without my
3   knowledge by my ex[.]" Id. at 11.  Plaintiff asserts that subsequent police involvement led to
4   various court interactions, but no charges were ultimately filed against him.  Id.  Plaintiff goes on
5   to assert that he caught his ex cheating on November 18, 2023, and when he confronted her, she
6   defamed him on social media.  Id.  Plaintiff asserts that since then, he has "been dealing with a
7   corrupt court system that won't acknowledge the lack of lawfully jurisdiction/ due process
8   violations, or any of my other cross-complaint claims." Id. at 13.

## II. Analysis

The complaint is barred by the doctrine of res judicata and must be dismissed.  The legal doctrine of res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono of Odham Nation, 131 S.Ct. 1723, 1730 (2011) (internal quotation marks omitted).  Res judicata prevents the litigation of claims for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940).  "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe–Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir.2003) (internal quotation marks omitted).

On September 5, 2024, plaintiff filed a complaint in this court against the same defendants (The People of the State of California, Matthew Samuel Adler, Hunter Jacqueline Burnette, Janice M. Williams, Bryan J. Kim, David Lim, and Gerrie Lexing-Davis), with the exception of Maria Gladis Flores, for constitutional violations and violations of federal law stemming from court proceedings arising out of the November 2023 incident between himself and his ex. Baldiosera Torres v. The People of the State of California, 2:24-cv-2416 DJC AC PS (Baldiosera Torres I).  That case was dismissed because it failed to state a claim upon which relief could be granted and because it brought claims against immune defendants.  Baldiosera Torres I at ECF No. 4.  Baldiosera Torres I was closed on December 30, 2024.  Id.  The case presently at bar

(Baldiosera Torres II) was filed a few months later on April 2, 2025.

Each element of res judciata is plainly met in this case. First, the identity of claims element is satisfied where the claims in each case arise from the same "transactional nucleus of facts." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). In both Baldiosera Torres I and Baldiosera Torres II, plaintiff's claims arise from plaintiff's legal disputes and interactions with the justice system stemming from the November 2023 encounter with his ex. Compare Baldiosera Torres I at ECF No. 1 at 2-3 with Baldiosera Torres II at ECF No. 1 at 11-13. The cases plainly arise from the same set of facts, and the identify of claims element is therefore met. Second, the dismissal of Baldiosera I for failure to state a claim and for suing immune defendants was a final judgment on the merits. Baldiosera Torres I at ECF No. 4; Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies."). Third, the parties in Baldiosera Torres I and Baldiosera Torres II are nearly identical, and they are therefore plainly in privity. Tahoe-Sierra Pres. Council, 322 F.3d at 1081. The single addition of Ms. Flores as a defendant in Baldiosera II does not destroy privity. Id. Because each element is satisfied, this case is barred by the doctrine of res judicata.

### III. Leave to Amend is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Here, the deficiencies of the complaint cannot be cured by amendment. Any inclusion of additional facts cannot prevent the bar of res judicata. For this reason, the court finds that amendment would be futile. Dismissal should be without leave to amend.

### IV. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed it is barred by the legal doctrine of res judicata. When a case that you file is dismissed on the merits, including a

dismissal for failure to state a claim, you cannot file the same claims again in a different lawsuit. You have 21 days to object to this recommendation if you wish to do so. The District Judge will make the final decision.

## V. Conclusion

For the reasons explained above, it is HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED as barred by res judicata and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 12, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE